Opinion filed May 22, 2008 















 
 
  
 
 





 
 
  
 
 


Opinion filed May 22, 2008 

 

 

 

 

 

 

                                                                       
In The

                                                                             


    Eleventh Court of Appeals

                                                                
____________

 

                                                         
No. 11-06-00186-CV

                                                   
__________

 

                                   
 ESTELA MARTINEZ, Appellant

 

                                                            
V.

 

                                       
 EULALIA VANN, Appellee

 





 

                                         
On Appeal from the 70th District Court

 

                                                         
 Ector County, Texas

 

                                               
Trial Court Cause No. A-116,574

 





 

                                            
M E M O R A N D U M    O P I N I O N

The
central issue in this case is whether a letter of intent was actually an
enforceable contract to sell real estate.  The trial court found that it
was not.  We affirm.

 

Estela Martinez sued Eulalia Vann
seeking a declaratory judgment that she had title to specific condominium units
and seeking to recover for expenses she had incurred on the units.  The
trial court entered findings of fact that the letter of intent did not constitute
an enforceable contract to sell the units, that neither party
substantially performed the conditions in the letter sufficiently to establish
the letter as an enforceable contract, and that Martinez had incurred $6,208.87 in
expenses.  The trial court entered judgment that the parties had not
entered into an enforceable agreement to sell, that title should remain in Vann=s name, and that Martinez should recover
$6,208.87 from Vann.  

In
her two issues on appeal, Martinez argues that
the trial court abused its discretion when it failed to declare her the fee
owner of the units and that the evidence conclusively established that the
letter between Martinez
and Vann was an enforceable real estate contract.  We disagree.

The
letter reads as follows:

September 17, 2001

 

RE: Trestles
Condominium Units, Odessa, TX B
#418, #419, #1314, #1004, #1006, #1010, #1015, #1020, and 3 other units (unit
numbers to be included later)

 

Ms. Eulalia Vann:

 

The following is a letter
of intent to purchase the above property.  I am offering the following
terms:

 

1) $22,000.00
financed @ 9% B
payments of $600.00 a month for 30 months and a balloon payment due to seller
at end of 30 month term.

 

2) Buyer agrees to
purchase units in Aas
is@ condition.

 

3) Buyer agrees to
pay $2900.00 in Home Owners=
Association (HOA) dues that are  currently due.

 

4) Buyer agrees to
pay current year taxes.

 

5) Seller to provide
buyer with tax record information for each condominium unit.

 

6) Seller to allow
buyer access to condominium units so that buyer may commence making necessary
repairs to condominium units.

 

7) Buyer and seller
to share closing costs associated with sale of condominium units.

 

8) Buyer agrees to
assume payment of all HOA dues and property taxes due after closing.

 

9) Seller agrees to
apply current rental income from currently rented condominium units towards HOA
dues.

 

Upon acceptance of
this offer, a fully executed contract will be signed by all parties.

 

I am very interested
in purchasing these condominiums; therefore, I hope that we can agree on the
terms outlined in this letter.  If you have any questions, or would like
to discuss this offer, please call me at [phone number].

 

 

Vann wrote on
the letter:  AI agree
with your proposal[.]  Go ahead & start
it.  Open an escrow.@ 
Vann also wrote numbers for the three additional units on the letter.  She
then faxed the letter to Martinez.


It
is undisputed that the parties never closed on the transaction; that Martinez
made repairs to the units; that Martinez had not paid any taxes owed on the
units; that Martinez never made any monthly payments to Vann; that Martinez had
paid the past due HOA dues; that Vann had received any income from the units;
that Martinez received no profits or income from the units; and that a real
estate contract was never executed between the parties.  Vann testified
that it was her intent that she was agreeing to Martinez=s prelimary
offer in the letter and that she had been waiting for the contract that was to
follow per the terms of Martinez=s letter.

Vann
argues on appeal that the letter does not contain sufficient language to
constitute a real estate contract.  We agree.  On its face, the
document states that it is a letter of intent and that, upon acceptance of the
terms contained within, an enforceable contract will be executed at a future
date.  The letter does not contain a sufficient description of the
property to be purchased and does not reflect the intent of the parties to be
bound at that time.  Further, the letter does not contain the necessary
elements for a binding contract:  an offer, an acceptance in strict
compliance with each term of the offer, a meeting of the minds, each party=s consent to the terms, and
execution and delivery with the intent that the transaction be mutual and
binding.  Potcinske v. McDonald Prop. Invs.,
Ltd., 245 S.W.3d 526, 529-30 (Tex.
App.CHouston
[1st Dist.] 2007, no pet.).  The trial court did not abuse its
discretion.  Martinez=s issues are overruled.

The
judgment of the trial court is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

May 22, 2008

Panel consists of:  Wright,
C.J.,

McCall, J., and
Strange, J.